UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Vincent Gary Garcia, | Case No. 3:23-cv-00028-ART-CSD |
|---|---|
| Petitioner, | Order Dismissing Petition and Closing Case |
| v. | |
| Derris Waukazoo, | |
| Respondent. | (ECF No. 1) |

Vincent Gary Garcia has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and under the habeas provision of the Indian Civil Rights Act. (ECF No. 1.) But on initial review, the Court finds that Garcia's claims appear unexhausted, and that federal abstention is required, so the petition is dismissed without prejudice.

It appears that Garcia was arrested on a criminal matter before the Te-Moak Tribal Court. (ECF No. 1 at 31-36.) He states that he is detained at the Owyhee Detention Facility in Owyhee, Nevada. In his petition for federal habeas relief, Garcia challenges his pre-trial detention. (ECF No. 1 at 4, 7.) There appears to have been or there is a continuing dispute over leadership of the Te-Moak Tribe. Garcia argues that the judge lacked authority to issue the warrants. (ECF No. 1 at 4.) He also states that there is an appeal pending before the Interior Board of Indian Appeals ("IBIA"). The appeal appears to pertain to the composition of the Tribal Council. (ECF No. 1-1 at 2-3.) It further appears that the IBIA decision would bear on the current Tribal Court's authority.

Generally, this Court is not permitted to adjudicate a federal habeas petition containing unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S.

1

509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). This extends to exhaustion of tribal court remedies, including before the IBIA and Bureau of Indian Affairs ("BIA"). (*See, e.g., Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9 (1987) (comity considerations direct that tribal remedies be exhausted before an issue is addressed by the federal court); *Winnemucca Indian Colony v. United States ex rel. Department of the Interior*, 819 Fed.Appx.480, 482 (9th Cir. 2020) (federal court lacked subject matter jurisdiction when administrative remedies, including before IBIA and BIA, were not yet exhausted). If Garcia obtains relief in tribal court his federal petition would be moot.[1] The Court, therefore, dismisses the petition without prejudice.

It is therefore ordered that the petition is **DISMISSED** without prejudice. A certificate of appealability will not issue.

The Clerk of Court is directed to enter final judgment dismissing this action and close this case.

DATED THIS 1st day of November, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] Based on an online inmate search of Owyhee Adult Detention Center in Owyhee, Nevada, it does not appear that Garcia is currently in custody in that facility. *See* https://www.inmateaid.com/inmate-locator/owyhee-adult-detention-center.amp?inmate%5Bfirst%5D=Vincent&inmate%5Blast%5D=Garcia&number= last visited October 31, 2024.